**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2874

_____

PROFESSIONAL, INC., d/b/a PROFESSIONAL AUTO BODY,
Appellant

v.

PROGRESSIVE CASUALTY INSURANCE COMPANY

_____

On Appeal from United States District Court
for the Western District of Pennsylvania
(D. C. Civil No. 3-17-cv-00185).
District Court Judge: Honorable Stephanie L. Haines

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
September 20, 2022

_____

Before: CHAGARES, *Chief Judge*, McKEE and PORTER, *Circuit Judges*

(Opinion filed: October 12, 2022)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Professional, Inc. appeals the district court's order granting Progressive Casualty Insurance Company's motion for summary judgment on its breach of contract claim. We will affirm.

Because we write primarily for the parties, we need not repeat the facts and procedural history of this case. Moreover, the district court has ably summarized the relevant background.[1]

## I.[2]

In its careful and well-reasoned opinion, the district court concluded that Progressive Casualty is not a party to the insurance policies of 101 out of the 103 Assignors who signed authorizations directing Professional to make repairs to their automobiles.  Moreover, as the court explained, for the two assignments where Progressive Casualty was a party, Professional failed to show the contractual obligations identified in the policies were breached.

Professional now argues the district court erred in finding (1) Progressive Casualty was not the insurer; (2) Professional had not shown that it was not fully compensated for its labor and repair costs or that it was entitled to compensation for claimed

---

[1] *See Prof'l, Inc. v. Progressive Casualty Ins. Co.*, No. 3:17-cv-185, 2021 WL 4267497 (W.D. Pa. Sept. 20, 2021).

[2] We have jurisdiction over appeals from all final decisions of the district court under 28 U.S.C. § 1291. Our review of the districts court's grant of summary judgement is plenary and applies the same standard as the district court. *Sikora v. UPMC*, 876 F.3d 110, 113 (3d Cir. 2017).

administrative and delay-time costs; and (3) the policies' no-action clause bars Professional's breach of contract of claim involving the repairs to third-party claimants.

In her detailed and thoughtful opinion, Judge Haines carefully and clearly explained the reasons for concluding Progressive Casualty is entitled to summary judgement. First, the underwriting entity, rather than Progressive Casualty, is twice identified as the insurer on the policies' declaration pages and the record does not show that Progressive Casualty acted as the insurer.[3] Nor is compensation at the prevailing competitive labor rates charged in the area and the costs of replacement parts, as determined by Progressive Casualty's breach of the policies' provisions. Moreover, Professional has not shown a contractual entitlement to recovery of administrative or delay time costs. Finally, the unambiguous language of the policies' "no-action" clause bars third-party suits against Progressive Casualty until after trial and an entry of judgment or written agreement of the parties. Neither of those conditions precedent is satisfied here.

## II.

We can add little to Judge Haines's discussion or analysis and we will therefore affirm the district court's order granting summary judgment in favor of Progressive Casualty substantially for the reasons as set forth in her opinion.

---

[3] *See Brown v. Progressive Ins. Co.*, 860 A.2d 493, 498 (Pa. Super. Ct. 2004) (identifying the applicable factors to determine who is the insurer).